BEFORE THE THIRD DIVISION, MARCH 9, 1949

**No. 52919.**—Paul Pankey and Company *v.* United States, protest 134895–K (Tampa).

CLINE, Judge: This is a protest against the collector's assessment of duty on coconut meat at 35 per centum ad valorem, less the Cuban preferential of 20 per centum, under paragraph 761, Tariff Act of 1930, as "Edible nuts, * * * otherwise prepared or preserved, and not specially provided for."

The original protest states that "The merchandise is claimed to be dutiable and desiccated, or similarly prepared, less the Cuban preferential rate of 20%"; that the collector should have classified the merchandise under the general rule that an *eo nomine* tariff provision for an article includes all forms of the article; that the merchandise is free of duty by reason of Public Law 504 (58 Stat. 817, T. D. 51173).

At the trial counsel for the plaintiff moved to amend the protest by inserting after the words "The merchandise is claimed to be dutiable" and before the words "and desiccated," the words "at 3½ cents a pound under Paragraph 758 as coconut meat, shredded"; and by adding the following claims: (1) That if the merchandise is not dutiable directly under paragraph 758, it is dutiable thereunder by virtue of the similitude provisions contained in paragraph 1559; (2) that if it is not free of duty under paragraph 758, it is dutiable at 10 per centum or 20 per centum under paragraph 1558, less the Cuban preferential of 20 per centum; (3) that it is dutiable under paragraph 506 at 20 per centum, less the Cuban preferential of 20 per centum; (4) that it is entitled to free entry by virtue of the Cuban Reciprocity Treaty (T. D. 47232) in effect at the time of importation and by virtue of the intent of Congress in enacting Public Law 504 (58 Stat. 817. T. D. 51173); that if it is dutiable under paragraph 761, duty should apply only to the coconut meat.

Counsel for the Government objected to the motion to amend the protest on the ground that "the protest in its phraseology is too indefinite and uncertain in that it does not definitely state the claim that is intended to be made by the amendment." Decision was reserved for the full division.

The proposed amendment covers the same merchandise as that involved in the original protest and is therefore permissible. *United States* v. *Macksoud Importing Co.*, 25 C. C. P. A. 44, T. D. 49041. A protest is sufficient if it distinctly and specifically sets forth the reasons for the importer's objection to the liquidation by the collector. *Raybestos Manhattan, Inc.* v. *United States*, 27 C. C. P. A. 340, 350, C. A. D. 109. The amendment clarifies the original protest and clearly sets forth the additional claims. The motion to amend is granted.

At the trial the record in the group of cases known as 134037–K, etc., in the name of Charles R. Allen, Inc., et al., was incorporated in the record herein. No additional testimony was offered.

For the reasons stated in our decision in the incorporated case, *Charles R. Allen, Inc., et al.* v. *United States*, 22 Cust. Ct. 63, C. D. 1162, we hold that the coconut meat involved herein is properly classifiable under paragraph 758 as "coconut

meat, shredded and desiccated, or similarly prepared" and that by reason of Public Law 504 (58 Stat. 817) the importation herein is entitled to entry free of duty. The protest is sustained and judgment will be rendered in favor of plaintiff.