UNITED STATES *v.* PAUL PANKEY AND COMPANY (No. 4622)[1]

United States Court of Customs and Patent Appeals, February 2, 1950

*David N. Edelstein*, Assistant Attorney General (*Joseph F. Donohue*, special attorney, of counsel), for the United States.
*John F. Kavanagh* for appellee.

[Oral argument December 6, 1949, by Mr. Donohue and Mr. Kavanagh]

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, and JOHNSON, Associate Judges

JOHNSON, Judge, delivered the opinion of the court:

The Government is appealing from the judgment of the United States Customs Court, Third Division, rendered in conformity with its decision, Abstract 52919 (22 Cust. Ct. 257), sustaining the protest of the importer against the collector's classification of certain coconut meat imported at the port of Tampa, Florida, under paragraph 761 of the Tariff Act of 1930, as "Edible nuts * * * otherwise prepared or preserved, and not specially

[1] C. A. D. 429.

provided for," and the assessment of duty at the rate of 35 per centum ad valorem, less the Cuban preferential of 20 per centum.

The protest claimed that the merchandise should be admitted free of duty under Public Law 504, 78th Congress (58 Stat. 817, T. D. 51173), which suspended the duties provided for in paragraph 758 of the Tariff Act of 1930 for the duration of the emergency declared by the President on May 27, 1941, and asserted that the merchandise was classifiable under that paragraph as "coconut meat, shredded and desiccated, or similarly prepared," under the rule that an *eo nomine* tariff provision includes all forms of the article designated. The protest was later amended by motion, sustained by the Customs Court, to include claims that the merchandise was classifiable under paragraph 758 by virtue of similitude, should be free of duty under the Cuban Reciprocity Treaty, T. D. 47232 and Public Law 504, and that if dutiable under paragraph 761, duty should apply only to the coconut meat.

The merchandise at bar is described as grated coconut in syrup. By motion of importer's counsel at the trial, without objection by the Government, the record in *Charles R. Allen, Inc. et al.* v. *United States*, Protests 134037–K 3466 etc., was incorporated into the record of the instant case, the merchandise and issues being the same, and no additional testimony was taken.

The Customs Court sustained the importer's protest upon the reasons stated in its decision in *Charles R. Allen, Inc. et al.* v. *United States*, C. D. 1162 (Vol. 84, No. 11, Treasury Decisions). Upon appeal to this court, the parties incorporated into their briefs by reference the matter contained in their briefs in the appeal of that case, Customs Appeal No. 4621. Our decision in the instant case is ruled, therefore, by our decision in *United States* v. *Charles R. Allen, Inc. et al.*, Customs Appeal No. 4621, 37 C. C. P. A. (Customs) 110, C. A. D. 428, decided concurrently herewith. For the reasons there expressed, the decision of the Customs Court sustaining the importer's protest herein is error, and the judgment appealed from is *reversed*, without approval of the collector's classification.

By reason of illness, HATFIELD, J. did not sit at the argument of this case, and he did not participate in the decision.